(No. 4288—

BESSIE MARIE JOPLIN, ET AL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 19, 1950.*

*Supplemental opinion filed April 10, 1951.*

PAUL R. GOLDMAN AND IRVING M. GREENFIELD, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

Schuman, C. J.

Complaint was filed herein on April 3, 1950, by Bessie Marie Joplin, widow of Leslie Earl Joplin, on behalf of herself as surviving widow, and her two minor children, for the death of the said Leslie Earl Joplin, which occurred on March 10, 1950.

No jurisdictional questions are involved.

The decedent was employed by the Department of Public Welfare at the Kankakee State Hospital as a fireman in a supervisory capacity, and was transferred from the Jacksonville State Hospital to the Kankakee State Hospital on September 19, 1949. His salary was $355.00 per month, and his earnings in the year preceding death were above the maximum.

On March 10, 1950, the decedent reported for work at the hospital on the afternoon and evening shift, and at approximately 5:45 o'clock P.M. he was found in the coal bunker covered with coal with only one foot sticking out of the coal pile. His body was recovered from beneath approximately seven tons of coal, and he was dead. Mr. Alfred Bergner, Chief Engineer of the hospital, testified that decedent worked under his supervision and direction; that it was the duty of decedent to supervise the men under him; and that his work required him to be at the place of the accident. There were no eye witnesses to the accident. Mr. Bergner and other men reached him shortly after the accident.

On date of March 10, 1950, decedent was forty-one (41) years of age, married, and had two children under the age of sixteen years dependent upon him for support, to-wit, Leslie D. Joplin born January 7, 1935, and Margaret Ella Joplin, born December 11, 1937.

Claimant is, therefore, entitled to an award in the amount of $7,500.00.

William J. Cleary & Co. has rendered a statement for stenographic services in the amount of $29.35, which charge is found to be fair and reasonable.

An award is, therefore, entered in favor of the claimant, Bessie Marie Joplin, widow of Leslie Earl Joplin, deceased, and Leslie Daniel Joplin and Margaret Ella Joplin, minor children of Leslie Earl Joplin, deceased, in the sum of $7,500.00. Of this amount the sum of $648.00 has accrued to September 15, 1950, and is payable forthwith. The remainder amounting to the sum of $6,852.00 is payable in weekly installments of $24.00 per week beginning September 22, 1950 for a period of 285 weeks, with an additional final payment of $12.00.

An award is entered in favor of William J. Cleary & Co. for stenographic services in the amount of $29.35, which is payable forthwith.

All future payments are subject to the terms and conditions of the Workmen's Compensation Act of the State of Illinois.

The jurisdiction of this case is specifically reserved for the entry of such further orders as may from time to time be necessary.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."

---

### Supplemental Opinion

Schuman, C. J.

In an opinion heretofore filed in this cause on September 19, 1950, an award was entered in favor of the

claimant, Bessie Marie Joplin, widow of Leslie Earl Joplin, deceased, and Leslie Daniel Joplin and Margaret Ella Joplin, minor children of Leslie Earl Joplin, deceased.

A petition to modify the opinion and award was filed on the ground that the widow had remarried. A Motion to Dismiss the Petition to Modify the Opinion was filed on behalf of the said Bessie Marie Joplin, and said minor children. The said Bessie Marie Joplin, and the said minor children have also filed a Petition for Increase of Compensation due to vexatious delay. The matters above stated in this paragraph were argued orally before the Court.

The Court is requested to interpret Paragraph (a) of Section 7 of the Workmen's Compensation Act with reference to the rights of the widow, now remarried, to compensation in the event the two minor children should die before the award is fully paid.

There can be no question that the Court, under the Compensation Act, has the authority to retain jurisdiction to modify the award from time to time with respect to the persons to whom shall be paid the amount of said award remaining unpaid at the time of the modification.

There being no dispute as to the remarriage of the widow, the award will be modified. However, the Court retains jurisdiction of this cause to determine the rights of the widow, if any, in the event the said minor children should die before the full award is paid. The Court, specifically finds that at the time of the death of the said Leslie Earl Joplin, the widow, Bessie Marie Joplin, and the minor children, Leslie Daniel Joplin and Margaret Ella Joplin, were members of the class defined under said Paragraph (a) of Section 7.

The unpaid balance under the award is in the amount of $6,708.00. The Petition, under paragraph (k) of Section 19 of the Compensation Act, is denied.

The award heretofore entered in this cause is hereby modified as follows:

The balance of the award of $6,708.00 is payable to Leslie Daniel Joplin and Margaret Ella Joplin, minor children of Leslie Earl Joplin, deceased, by and through their next friend, natural guardian, and mother, Bessie Marie Wielgus; and said sum is payable as follows:

(a) The sum of $562.29, which has accrued to April 10, 1951, is payable forthwith.

(b) The balance of $6,145.71 is payable in 256 weekly installments of $24.00 commencing April 17, 1951, and one final payment of $1.71.

Jurisdiction of this award is hereby reserved for the purpose of determining to whom the balance of the award should be paid in the event that said minor children should die leaving a balance of said award unpaid, and for such further orders as may from time to time be necessary.